# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICHARD ELLISON,
:
    Petitioner,                            Case No. 1:10-cv-595

:        District Judge S. Arthur Spiegel
   -vs-                                 Magistrate Judge Michael R. Merz

DEB TIMMERMAN-COOPER,
Warden, London Correctional
 Institution,
:
    Respondent.

---

**DECISION AND ORDER SEVERING GROUNDS ONE, THREE, FOUR, AND FIVE
AND REFERRING THEM TO THE COURT OF APPEALS;
REPORT AND RECOMMENDATIONS ON GROUND TWO**

---

This is a habeas corpus case brought *pro se* by Petitioner Richard Ellison pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction on his plea of guilty to counts of aggravated burglary, kidnapping, and abduction in the Hamilton County Common Pleas Court (Petition, Doc. No. 1, ¶¶ 3, 5, 6).

Petitioner was released from imprisonment on August 27, 2010, and is in the custody of the Ohio Adult Parole Authority on post-release supervision. The OAPA is hereby substituted as Respondent in the case, but the caption will remain as above, pursuant to normal court practice.

Mr. Ellison pleads the following grounds for relief:

> **Ground One:** The trial court breached the sentencing terms when it based the defendant's sentence on false information, and when it treated favorable evidence as if it were unfavorable enough to justify a maximum sentence. Those trial court defects violated defendant's

>Fifth and Fourteenth Amendment due process and equal protection rights.
>
>**Ground Two:** The trial court imposed an enhanced sentence at the defendant's resentencing hearing without cause, thus establishing court vindictiveness in violation of defendant's Fifth and Fourteenth Amendment due process and equal protection rights.
>
>**Ground Three:** Defendant's conviction was obtained by a guilty plea which was unlawfully induced through breached promises and threats, thus violating defendant's Fifth and Fourteenth Amendment due process and equal protection rights.
>
>**Ground Four:** Defendant's conviction was obtained through the trial court's commission of an unending chain of deliberate errors of process, thus violating defendant's Fifth and Fourteenth Amendment due process and equal protection rights.
>
>**Ground Five:** Defendant was denied effective assistance of counsel, thus violating defendant's Sixth and Fourteenth Amendment due process rights.

(Attachment to Petition, Doc. No. 1, PageID 16-21.)

### The Successive Petition Issue

Respondent asserts that Petitioner may not proceed on Grounds One, Three, Four, and Five without prior permission from the Sixth Circuit Court of Appeals (Return of Writ, Doc. No. 14, PageID 63-66.)

As Respondent notes, Petitioner previously filed a Petition for Writ of Habeas Corpus in this Court under Case No. 1:07-cv-528. That Petition was dismissed with prejudice November 17, 2008, (Doc. No. 27 in the 07-258 case) and Petitioner took no appeal.

28 U.S.C. § 2244(b)(3)(A) as added to the habeas corpus statutes by Antiterrorism and

Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

There is no dispute between the parties that Petitioner has neither sought nor received authorization from the Sixth Circuit Court of Appeals for this Court to consider this new Petition.[1] The question is whether the Petition is a "second application" such that Petitioner must have permission from the Circuit Court before proceeding.

Petitioner offers three reasons why he does not need Circuit Court approval to proceed. First, he says, "none of the three Grounds for Relief that were raised in Ellison's 2007 petition match any of the Grounds for Relief that are raised in this petition." (Traverse, Doc. No. 15, PageID 469.) Second, he claims he is entitled to relief because the state court's adjudication of his claims "resulted in a decision that violates clearly established federal law as determined by the United States Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." *Id.* Finally, he claims that "not one of the constitutional issues that Ellison raised in the trial and appellate courts has been addressed by a court." *Id.*

None of Mr. Ellison's proffered reasons suffices to excuse him from getting permission from the Circuit Court. The test for a second or successive petition is whether the prior petition was or was not dismissed on the merits, not whether the claims made in the current petition were made in the prior petition. There is no doubt that District Judge Dlott's decision in the prior case was made

---

[1] AEDPA uses the word "application" as equivalent to the word "petition" in usual habeas corpus practice.

on the merits; on its face, it recites that the dismissal is with prejudice.

Mr. Ellison's second argument goes to the merits of his claims: this Court can only grant relief if the state court adjudication was objectively unreasonable, but it can only reach that question on a second or successive petition if granted authorization by the Court of Appeals.

Mr. Ellison's third argument is also unavailing. Even if it is true that no court has addressed the constitutional issues he raised in the state courts, there is no doubt he has previously filed a habeas corpus petition with respect to this case and that petition was dismissed with prejudice; he cannot file another petition (a "second" petition) without Circuit Court permission.

It is true that Mr. Ellison has been resentenced since his prior petition was dismissed. However, the law in this Circuit is that, without Circuit permission, he may only challenge that "portion of a judgment that arose as a result of a previous successful action." *Lang v. United States*, 474 F.3d 348, 351 (6th Cir. 2007). "By contrast, no circuit that has addressed the issue has held that a § 2255 motion or a habeas petition that addresses an issue that originates at resentencing is a second or successive petition." *Lang*, 474 F.3d at 352. Respondent concedes that Mr. Ellison's vindictive sentencing claim (Ground Two) arises only from his re-sentencing and this Court is therefore not barred from considering it in the absence of Circuit Court permission.

When a habeas petitioner seeks leave to file a second or successive petition in this district court or files there without the required permission, we are ordered to transfer the request for permission to the Circuit Court under 28 U.S.C. § 1631. *In re Sims,* 111 F.3d 45 (6th Cir. 1997). The question is whether the entire petition must be transferred or whether the district court can retain jurisdiction over any claim or claims which can be considered without permission.

Fed. R. Civ. P. 42(b) provides: "For convenience, to avoid prejudice, or to expedite and

economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims or third-party claims." Rule 12 of the Rules Governing § 2254 Proceedings permits application of the Federal Rules of Civil Procedure to habeas corpus actions "to the extent that they are not inconsistent with any statutory provisions or these rules." The Magistrate Judge perceives no inconsistency with the habeas statutes or rules in applying Fed. R. Civ. P. 42(b) and doing so promotes expedition and economy in consideration of Ground Two for Relief, which accordingly is ordered severed from Grounds One, Three, Four, and Five.

### Ground Two

At resentencing, the Common Pleas Court reimposed the same term of incarceration it had originally imposed, an aggregate term of six years. However, it also added a fine of $5,000 to the previous sentence. In Ground Two Mr. Ellison challenges this fine as unconstitutionally vindictive.

Although conceding that this Court can decide Ground Two for Relief without prior Circuit Court permission, Respondent contends that the constitutionality of a fine is not cognizable in habeas corpus. In *United States v. Watroba*, 56 F.3d 28 (6th Cir. 1995), the court held that "[a] monetary fine is not a sufficient restraint on liberty to meet the 'in custody' requirement for § 2255 purposes." *Id.* at 29, *quoting United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir. 1994)(*quoting United States v. Michaud*, 901 F.2d 5, 7 (1st Cir. 1990)). The same "in custody" limitation in § 2255 also applies to habeas corpus petitions under 28 U.S.C. § 2254. And here, as in *Watroba,* Petitioner's release from bodily custody was not conditioned on his payment of the fine.

Applying *Watroba*, the Magistrate Judge concludes that Ground Two is not cognizable. It

is therefore respectfully recommended that Ground Two be dismissed without prejudice for failure to state a claim upon which habeas corpus relief can be granted.

## Conclusion

In accordance with the foregoing analysis:

1. Ground Two should be dismissed without prejudice.

2. The Clerk shall certify a copy of the Petition to the Clerk of the Sixth Circuit Court of Appeals.

3. Petitioner's attention is directed to Sixth Circuit Rule 22 which sets forth the content required in a motion for leave to file a second or successive habeas corpus petition. Petitioner shall file a motion in the form and with the content required by that Rule not later than October 15, 2011, and furnish this Court with a copy of that filing.

September 20, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

J:\Documents\Ellison Habeas R&R.wpd