UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD ELLISON, | : | NO. 1:10-CV-00595 |
| Petitioner, | : | |
| v. | : | **OPINION AND ORDER** |
| WARDEN, LONDON CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation on Ground Two (doc. 19), Petitioner's Objections on Ground Two (doc. 21), the Magistrate Judge's Supplemental Report and Recommendation on Ground Two (doc. 22), and Petitioner's Objection (doc. 24). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation, and DISMISSES Ground Two without prejudice for failure to state a claim upon which habeas corpus can be granted.

Petitioner Richard Ellison is challenging his conviction on his plea of guilty to counts of aggravated burglary, kidnapping, and abduction in the Hamilton County Common Pleas Court in this pro se habeas corpus case (doc. 1). Petitioner was released from imprisonment in August 2010, and is currently on post-release supervision by the Ohio Adult Parole Authority. As such, he is "in custody" as required by Section 2254. Abela v. Martin, 380 F.3d

915, 921 (6th Cir. 2004)(citing Jones v. Cunningham, 371 U.S. 236, 242 (1963)(holding that petitioner who was on parole was still "in custody" for habeas purposes).

In his Petition, Ellision pleads five grounds of relief. The Magistrate Judge found all grounds except for ground two constitute a successive petition, and ordered that such grounds be severed and referred to the Court of Appeals (doc. 19). The only remaining ground before this Court, therefore, is Ground Two (Id.). The Magistrate Judge reviewed such claim and found that it should be dismissed without prejudice (Id.).

Petitioner's Ground Two is premised on the theory that when the Common Pleas Court resentenced him to the same term of incarceration it had originally imposed, it also added a fine of $5,000.00 to the previous sentence (doc. 1). In Petitioner's view such fine is unconstitutionally vindictive.

The Magistrate Judge found that the constitutionality of a fine is not cognizable in habeas corpus (doc. 19, quoting United States v. Watroba, 56 F.3d 28 (6th Cir. 1995)("[a] monetary fine is not a sufficient restraint on liberty to meet the 'in custody' limitation for §2255 purposes"). As such the Magistrate Judge recommended that such ground be rejected without prejudice for failure to state a claim upon which habeas corpus relief can be granted.

The Court notes that Petitioner filed an Objection to the

2

Magistrate Judge's Recommendation (doc. 21), but that such Objection did not address Watroba, or demonstrate any change in the applicable law. Petitioner further filed an Objection to the Magistrate Judge's Supplemental Recommendation (doc. 24), which applied to the other grounds and not Ground Two. In any event, the Court further notes that Petitioner relies on State of Ohio v. Bezak, 114 Ohio St.3d 94 (Ohio 2007) for the proposition that his 2005 sentence is legally void, his 2007 petition should be treated as nonexistent, and the instant petition should be treated as a first-time petition. However, to the extent that Ohio law applies, Bezak has been abrogated, as made clear by the Ohio Supreme Court in State of Ohio v. Fischer, 128 Ohio St. 3d 92, 102(Ohio 2010)("void sentences are not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack. . .res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.") The Court finds no clear error in the Magistrate Judge's determination that the underlying conviction arose from the 2005 conviction, and such conviction is the subject of the case as it now stands.

Having reviewed this matter, the Court finds the Magistrate Judge's recommendation correct. Petitioner's Ground Two is simply not cognizable in habeas corpus, no matter how vindictive

3

such a fine might possibly be.  Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects (doc. 19), and DISMISSES Ground Two without prejudice for failure to state a claim upon which habeas corpus relief can be granted.  To the extent applicable, the Court DECLINES to issue a certificate of appealability.  Finally, having conducted de novo review of this entire matter, the Court further finds no error in the Magistrate Judge's Orders (docs. 19, 22).

SO ORDERED.

Dated: May 23, 2012                    /s/ S. Arthur Spiegel
                                       S. Arthur Spiegel
                                       United States Senior District Judge